UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DUSTIN SIERRA,<br><br>　　　　　Defendant. | 5:19-CR-50110-JLV-02<br><br>REPORT AND RECOMMENDATION REGARDING MOTION TO SUPPRESS (DOC. 66) |

Pending is Defendant's Motion to Suppress (Doc. 66). A hearing was held on Wednesday, February 5, 2020. Defendant was personally present and represented by his attorney of record, Terry Pechota. The Government was represented by the Assistant United States Attorney Heather Sazama. One witness testified at the hearing, and no exhibits were submitted into evidence. The court was, however, requested by the Government to take judicial notice of the search warrant associated with the pending motion. The Defense did not object to the request for judicial notice. Both the sealed and redacted version of the affidavit in support of the search warrant are filed in 5:19-mj-00081-DW at docket entries 1 and 6, respectively [hereinafter, "SW Aff."]. Based on a careful consideration of all the evidence, and counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress (Doc. 66) be denied.

## JURISDICTION

Defendant is charged in an Indictment with Kidnapping and Aiding and Abetting in violation of 18 U.S.C. §§ 1201(a)(2), 1153, and 2; Aggravated Sexual Abuse by Force and Aiding and Abetting in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(A), 1153, and 2; Aggravated Sexual Abuse by Force and Aiding and Abetting in violation of 18 U.S.C. §§ 2241(a)(1), 2246(2)(B), 1153, and 2; Interstate Domestic Violence and Aiding and Abetting in violation of 18 U.S.C. §§ 2261(a)(2) and 2; Assault Resulting in Serious Bodily Injury and Aiding and Abetting in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 2; and Assault by Strangulation of a Dating Partner and Aiding and Abetting in violation of 18 U.S.C. §§ 113(a)(8), 1153, and 2.  The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## FACTUAL BACKGROUND

Dustin Sierra filed the present Motion to Suppress, alleging the following: (1) numerous facts pertaining to Dustin Sierra as set for in the affidavit in support of the search warrant were materially false or made with reckless disregard of the truth; (2) there existed no probable cause for the search warrant to the defendant's property, nor was there fair probability that any evidence would be found at his residence; (3) the search warrant lacks

particularity; and (4) the search warrant is stale. (Doc. 66). The government opposes the motion in all respects. (Doc. 76).

## DISCUSSION

### I. Dustin Sierra has not Made a Showing that Facts in the Affidavit Pertaining to His Involvement were Materially False or Made with Reckless Disregard of the Truth

> If, after a hearing, a defendant establishes by a preponderance of the evidence that the false statement was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the search warrant must be voided and the fruits of the search excluded from the trial to the same extent as if probable cause was lacking on the face of the affidavit.

Franks v. Delaware, 438 U.S. 154, 155 (1978).

Mr. Sierra[1] alleges that numerous facts pertaining to his alleged involvement, as set forth in the affidavit in support of the search warrant, are materially false. (Doc. 66 at p. 1). First, Mr. Sierra alleges statements such as the victim asking him for help as alleged in paragraph 19 of the affidavit is materially false, or at the very least, made with reckless disregard of the truth. Id. Mr. Sierra also submitted an affidavit, which states, "The alleged victim in this case never asked me for assistance as set forth in [paragraph 19]." (Doc. 66-1).

As it pertains to Mr. Sierra's first contention, paragraph 19 of the affidavit does not state the victim asked Mr. Sierra for help. Contrary, paragraph 19 merely states, "Dustin Sierra would not assist during this

---

[1] All references in this Report and Recommendation to "Mr. Sierra" are in reference to Dustin Sierra, not to be confused with his brother and co-defendant, Jesse Sierra.

assault." Therefore, there is no inconsistency, let alone a materially false statement, or one made with reckless disregard of the truth.

Second, Mr. Sierra alleges statements from the affidavit detailing his involvement in "testing" as alleged in paragraph 22 of the affidavit is materially false, or at the very least, made with reckless disregard of the truth. (Doc. 66 at p. 1). Paragraph 22 of the affidavit alleges,

> Around this time, Esther Wolfe said she was being "tested" by Jesse and Dustin Sierra. They advised that law enforcement was out front. Esther sneaked out the back door and ran to the front, but the only person there was Jesse Sierra. Jesse Sierra was sitting in the blue Chevrolet Avalanche waiting for her. He asked her if she wanted him to "sit years," which your affiant believes is a reference to the jail sentence he would receive regarding this most recent kidnapping of Esther Wolfe. He also made a comment about killing her for failing this "test." Esther Wolfe advised she was placed in the blue Chevrolet Avalanche by Jesse Sierra.

(SW Aff. at p. 7). In Mr. Sierra's affidavit, he states, "I never 'tested' the victim in this case or had anything to do with such 'testing.'" (Doc. 66-1).

As it pertains to Mr. Sierra's second contention, BIA Special Agent ("SA"), Molanna Clifford, testified that the victim recounted that although Dustin Sierra never threatened her, the victim mentioned being "tested." (Doc. 87 at p. 14). SA Clifford testified that the "testing" occurred at Mr. Sierra's house where the victim overheard *both* brothers discussing law enforcement being next door. Id.; (SW Aff. at p. 7). The court finds SA Clifford's testimony on this point credible.

Mr. Sierra has failed to demonstrate the statement regarding "testing" was materially false or made with reckless disregard of the truth. Even so, in

addition to paragraphs 19 and 22, there exists sufficient probable cause in the remainder of the affidavit to issue a search warrant for Mr. Sierra's residence.

### II. Probable Cause Existed for the Search Warrant to Defendant's Property

A search warrant is supported by probable cause if the supporting affidavit presents a fair probability that evidence or contraband will be found in the location to be searched. See United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995). Supporting affidavits must be read in a common-sense fashion and should be evaluated based on the totality of the circumstances. E.g., id.; United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995). "Deference is accorded an issuing magistrate's probable cause determination." United States v. Brown, 584 F.2d 252, 256 (8th Cir. 1978).

Here, Ms. Sierra argues his "only involvement in anything that occurred to the victim was to give her and his brother a ride from Rapid City to Oglala." (Doc. 66 at p. 1). Additionally, Mr. Sierra argues there was no probable cause for the search warrant to his property, nor was there a fair probability that any evidence would be found at his residence. Id.

Contrary, the affidavit does not state that Mr. Sierra merely offered the victim a ride. Rather, the affidavit states that Mr. Sierra gave the victim a ride to the reservation, against her will, while Jesse Sierra strangled the victim, and continued to strangle her to unconsciousness every time she regained consciousness, until they arrived at the Pine Ridge Reservation. (SW Aff. at p. 6). Furthermore, the affidavit states that the victim was held against her will at Mr. Sierra's residence, where Jesse Sierra forcibly sexually and physically

assaulted her.  It was in a bedroom in Mr. Sierra's residence where the victim was confined and where she lost control of her bladder twice in the bed where she was being held.  Id. at p. 7.

The affidavit presented more than a "fair probability" that evidence of biological matter could be recovered from the bedding and within Mr. Sierra's residence, where the victim was being held.  Accordingly, the search warrant did not lack probable cause.

### III.     The Search Warrant does not Lack Particularity

The Warrant Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. CONST. amend. IV.  "Particularity prohibits the government from conducting 'general, exploratory rummaging of a person's belongings.'"  United States v. Sigillito, 759 F.3d 913, 923 (8th Cir. 2014) (quoting United States v. Saunders, 957 F.2d 1488, 1491 (8th Cir. 1992)).  "To satisfy the particularity requirement of the Fourth Amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized."  United States v. Summage, 481 F.3d 1075, 1079 (8th Cir. 2007) (internal quotation omitted).

Mr. Sierra alleges the warrant lacks particularly because it "allows the officers executing the warrant to seize evidence of crime, things illegally possessed, and property used to commit a crime."  (Doc. 66 at p. 2).  Here, the affidavit was presented along with the search warrant.  (SW Aff.).  The affidavit

was 13 pages long and included 31 paragraphs under the "probable cause" section.  The search warrant also included an "Attachment A – Items to be Seized" which specifically requested "bedding and or evidence of biological matter on the bedding at Dustin Sierra's residence, 430 BIA 35, Oglala, SD 57770."

Furthermore, SA Clifford testified she believed all the items seized were obtained from the bedroom where the victim was being held, and the items seized included a portion of the mattress fabric, mattress pad, towel, and pillow.  (Doc. 87 at p. 18-19).  The search warrant clearly stated with particularity the property to be seized.[2]

### IV. The Search Warrant is not Stale

"There is no bright-line test for determining when information in a warrant is stale." United States v. Ortiz-Cervantes, 868 F.3d 695, 700 (8th Cir. 2017) (internal citation omitted).  "A warrant becomes stale if the information supporting the warrant is not 'sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search.'" United States v. Brewer, 588 F.3d 1165, 1173 (8th Cir. 2009) (quoting United States v. Palega, 556 F.3d 709, 715 (8th Cir. 2009)).  "Important factors to consider in determining whether probable cause has dissipated . . . include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject

---

[2] Defense counsel cross examined SA Clifford regarding whether she had requested authority in the search warrant to take photographs.  The court notes that while the search warrant did not specifically request permission to take photographs, such permission is not required.

7

to the search." Id. (quoting United States v. Gibson, 123 F.3d 1121, 1124 (8th Cir. 1997)).

Mr. Sierra argues the search warrant is stale because the "alleged unlawful conduct took place on July 13, 2019" but the "search warrant and affidavit are dated July 25, 2019." (Doc. 66 at p. 2). On July 14, 2019, the victim was reported missing. ("SW Aff. at p. 3). The victim did not receive medical attention until after she was released by Jesse Sierra on July 21, 2019. (Doc. 86 at p. 12). The search warrant was requested and granted on July 25, 2019. Id. at p. 6-7. A mere four days passed from the time the victim reported her assault at the hospital and when the search warrant was granted. Mr. Sierra's staleness argument is without merit.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion to Suppress (Doc. 66) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of March, 2020.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge